985 F.2d 585
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Elizabeth C. SCHERBIK, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3321.
 United States Court of Appeals, Federal Circuit.
 Dec. 30, 1992.
 
 Before MAYER, MICHEL and PLAGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Elizabeth C. Scherbik, appeals the decision of the Merit Systems Protection Board that denied her application for survivor benefits as a former spouse under the Civil Service Retirement Spouse Equity Act. No. PH0831910658-I-1 (February 19, 1992). We reverse.
 
 
 2
 Elizabeth C. Scherbik married Edward J. Scherbik, a federal employee, on September 5, 1953. On April 18, 1989, they entered into an agreement to provide for the disposition of their property. The agreement stated, in relevant part:
 
 
 3
 The Wife shall receive thirty (30%) per cent of the Husband's pension benefits and he shall designate the Wife as beneficiary of said benefits. The Husband agrees that this provision shall survive entry of a Final Judgment of Divorce, and he shall execute all documents necessary to carry out this provision.
 
 
 4
 Edward Scherbik retired from federal service on July 21, 1989, and elected to receive a reduced annuity and provide the maximum survivor annuity possible for his surviving spouse. On November 14, 1989, a final judgment of divorce was entered by the Superior Court of New Jersey dissolving the marriage and incorporating the April 18th agreement by reference. When he filed an OPM form entitled "Statement Regarding Former Spouses" on November 28, 1989, Edward Scherbik indicated that he had no former spouse to whom a court order had given a Civil Service survivor annuity. He died on December 20, 1990, and on January 20, 1991, Elizabeth Scherbik applied for survivor benefits.
 
 
 5
 The Office of Personnel Management (OPM) denied the application stating that the divorce decree lacked the specificity required by OPM regulations to award a former spouse annuity. In the initial decision of the board issued October 25, 1991, the administrative judge (AJ) affirmed OPM's denial holding that Elizabeth Scherbik had not established her entitlement to a survivor annuity by a preponderance of the evidence. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986). The AJ concluded that, in light of OPM's regulations, the language used in the agreement was not sufficiently definite to entitle her to a survivor annuity. On February 19, 1992, the initial decision became final.
 
 
 6
 The AJ relied upon the definition of "employee retirement benefits" in the OPM regulation, which reads, "Employee retirement benefits means employees' and Members' annuities ... but does not include survivor annuities ...", 5 C.F.R. § 831.1703 (1992). The AJ determined that the term "pension benefits" used in the agreement was the same as "employee retirement benefits" and should also be interpreted to exclude a survivor annuity. The AJ further found the agreement ambiguous because it appeared "to deal with the apportionment of the annuity that both Edward J. Scherbik [and Elizabeth Scherbik] would receive while they both were still alive." Because of the ambiguity and the application of the definition of "employee retirement benefits", the AJ held that the agreement did not establish Edward Scherbik's intent to provide a former spouse annuity. See 5 C.F.R. § 831.1704(c)(1). OPM asserts on appeal that this interpretation is correct and is further supported by OPM's published "Guidelines for Interpreting State Court Orders Awarding Survivor Annuity Benefits to Former Spouses", 5 C.F.R. Part 831, Subpart Q, Appendix B (Guidelines).
 
 
 7
 We do not agree that the Guidelines support the board's decision. Analysis of these interpretive rules, in fact, compels the opposite conclusion. Section III of the Guidelines sets out the specificity required to award a former spouse annuity:
 
 
 8
 B. 1. Except as provided [in] paragraphs B2 through B4, orders must specify the benefit being awarded. Orders must contain language such as "survivor annuity," "death benefits," "former spouse annuity under 5 U.S.C. 8341(h)(1)," etc.
 
 However, the very next paragraph allows:
 
 9
 2. Orders that provide that the former spouse is to "continue as" or "be named as" the "designated beneficiary" of CSRS benefits will be interpreted to award a former spouse annuity.
 
 
 10
 It is undisputed that the provision of the agreement at issue was intended to apply to Edward Scherbik's CSRS retirement benefits. The language of the agreement that "[the Husband] shall designate the Wife as beneficiary of said [retirement] benefits" is clearly contemplated by the interpretive rule of section III(B)(2) of the Guidelines. Although the regulation speaks in terms of the "designated beneficiary" and the agreement orders that Edward Scherbik "shall designate [Elizabeth Scherbik] as beneficiary", this variation is insignificant. What is determinative is that both the Guidelines and the agreement focus on the concept of a "beneficiary". Beneficiary commonly denotes a party who is to receive benefits in the future, typically after the death of another party, as through the action of a will or an insurance policy. See Webster's II New Riverside University Dictionary 166 (1984) ("2. Law. The recipient of benefits, as funds or property, as from an insurance policy or will."). By using the word "beneficiary" in the agreement, Edward Scherbik's intent to provide a continued benefit to Elizabeth Scherbik after his death is clear and unambiguous. The use of this word in this manner is specifically contemplated by the Guidelines and "will be interpreted to award a former spouse annuity." Guidelines § III(B)(2). Thus the board's conclusion that the intent of the agreement is ambiguous is incorrect.
 
 
 11
 The other sections of the regulations OPM attempts to rely on simply indicate that a survivor annuity must be "expressly provided for" in a court's order. See 5 C.F.R. §§ 831.1704(a), 831.1704(c)(2). By OPM's Guidelines the language used by the agreement is so interpreted. The regulations do not require any magic words. Finally, Edward Scherbik's subsequent submission of the "Statement Regarding Former Spouses" was inconsistent with the agreement and OPM has effectively acknowledged that this document standing alone cannot serve to defeat Elizabeth Scherbik's claim.